IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERNARD MOSES TAYLOR, #402077<br>    Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. RWT-13-786 |
| DORSEY VICKERS, JR. | * | |
| BRIAN O. KRATZ | | |
| IRIS T. MARTIN | * | |
| PATRICK W. CARPENTER | | |
| BRANDON C. BARNES | * | |
| BRANDON O. AVERY | | |
| SCOTT J. REID | * | |
|     Defendants. | | |
| | ***** | |

## MEMORANDUM OPINION

On March 12, 2013, Plaintiff filed a Complaint against Baltimore City police officers pursuant to 42 U.S.C. § 1983, seeking compensatory, nominal, and punitive damages arising from an alleged illegal search of his home four years earlier, on March 20, 2009. ECF No. 1. On May 17, 2013, counsel for Defendants filed a Motion to Dismiss. ECF No. 8. Plaintiff filed an Opposition on July 1, 2013 and Defendants replied on July 18, 2013.[1] ECF Nos. 12, 13. No hearing is needed to resolve Defendants' pending motion. *See* Local Rule 105.6 (D. Md. 2011).

### Factual Background

Plaintiff states that on March 20, 2009, Baltimore City police officers entered his home without a warrant and removed $726.00 in cash found in a pretzel jar and sock as well as an additional "unsubstantiated amount of money." Compl. at 6. He claims that the money was never

---

[1] On July 24, 2013, Plaintiff filed a Motion to Amend. ECF No. 14. The motion seemingly seeks to correct certain errors Plaintiff states he made in his Opposition. To the extent that Plaintiff wishes to modify the Opposition and certificate of service, the Motion shall be granted.

returned to him, even after a judge concluded that the entry and search were without probable cause. He accuses the officers of "burglary; robbery; false imprisonment; false arrest; malicious prosecution; invasion of privacy; vigilantism; violation of due process; violation of equal protection; racketeering; emotional and mental distress; [and] loss of consortium." *Id.* at 6-7.

In their dispositive motion, Defendants argue that Plaintiff has failed to comply with state law notice requirements under the Local Government Tort Claims Act ("LGTCA"), that is, he failed to give notice of his claim within 180 days after his injury. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-304(b). They further contend that Plaintiff's § 1983 claims are barred by the applicable statute of limitations, as they were filed four years after the alleged incident occurred. Defendants additionally assert that Plaintiff has failed to sufficiently allege intentional infliction of emotional distress, conspiracy, or a Racketeer Influenced and Corrupt Organizations Act ("RICO") violation.

In his Opposition, Plaintiff claims that he did file notice with the City Solicitor's office on two occasions and that his § 1983 claims cannot be defeated by the state notice requirement under the LGTCA as his claims are federal in nature. Plaintiff alleges that while the incident did occur in March of 2009, it was his belief that the limitations period did not begin to run "until [he] was made aware that the search and seizure by Defendants was illegal." Opp. at 2. He contends he would not have known of the basis for filing a federal action prior to the state court's ruling in his favor. *Id.* The documents furnished by Plaintiff seemingly show that the motion to suppress evidence was granted and the criminal charges were nolle prossed in March of 2011. *Id.*, Ex. E.

## Standard of Review

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3, (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in the complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Taylor is self-represented, his submissions are to be liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating the complaint, the court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R .Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1940.

**Analysis**

Plaintiff raises claims of burglary, robbery, vigilantism, malicious prosecution, loss of consortium, violation of privacy, and emotional and mental distress. Preliminarily, the Court observes that such criminal and personal injury claims are generally not, in and of themselves, actionable under a § 1983 action. For example, the Fourth Circuit has concluded that "there is no such thing as a '§ 1983 malicious prosecution' claim." *Lambert v. Williams,* 223 F.3d 257, 262 (4th Cir. 2000). "What is conventionally referred to as a '§ 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation [for unreasonable seizure]." *Id.* at 261. Claims have also been raised alleging false imprisonment, false arrest, racketeering,[2] and violations of due process and equal protection, which are colorable under § 1983.

When enacting 42 U.S.C. § 1983, Congress determined that gaps in the federal Civil Rights Acts should under some circumstances be filled in by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan,* 468 U.S. 42, 47–48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *See id.* at 49; *Chardon v. Fumero Soto,* 462 U.S. 650, 655–656 (1983); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 464 (1975). "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the state in which the cause of action arose. This is so for the length of the statute of limitations." *Wallace v. Kato,*

---

[2] In raising a racketeering claim, Plaintiff presumably invokes the Racketeering Influenced Criminal Organization Act ("RICO"), 18 U.S.C. § 1962. No factual basis is alleged for invoking RICO. In order to succeed on a claim under RICO, Plaintiff must show, among other things, that Defendants were involved in a pattern of racketeering activity. Racketeering activity is defined under 18 U.S.C. § 1961(1) and a pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred within ten years (excluding any period of imprisonment) after the commission of the prior act of racketeering activity." 18 U.S.C. § 1961(5). Plaintiff makes no particularized references to the alleged activity to form the basis for a RICO case. Therefore, his racketeering claim could easily be dismissed on this ground.

549 U.S. 384, 387 (2007). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md.Code Ann., Cts. & Jud. Proc., § 5–101.

Federal law, however, governs the question of when a cause of action accrues. *See Wallace,* 549 U.S. at 387. Under the general rubric, the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* A claim of unlawful search accrues on the date of the alleged incident. *See Gray v. State of Maryland,* 228 F.Supp.2d 628, 635 (D. Md. 2002). A claim for false arrest accrues on the date of initial appearance before a neutral magistrate. *See Wallace,* 549 U.S. at 387. According to the record, Plaintiff was arrested and arraigned in the Circuit Court for Baltimore City in 2009. The Complaint was not filed until March 2013, more than three years after the date the causes of action accrued.

Plaintiff asserts that the limitation period should not begin "until I was made aware that the search and seizure by Defendants was illegal." The Supreme Court's decision in *Wallace,* however, governs this case. The Court made clear in that case that "[t]here can be no dispute that [plaintiff] could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." *Wallace,* 549 U.S. at 388. To the extent the Complaint raises a claim of false imprisonment, that claim is also barred, "The test of legal justification, in the context of false arrest and false imprisonment, is judged by the principles applicable to the law of arrest." *Heron v. Strader,* 361 Md. 258, 264–265, 761 A.2d 56, 59 (Md. 2000). This allegation is also barred as filed outside the limitations period.

5

Plaintiff makes generalized claims of due process and equal protection violations, but provides no particulars as to what liberty interest was violated or how he was treated differently from others. Indeed, it would appear that these claims are bound up with his burglary, robbery, false imprisonment, false arrest, malicious prosecution, invasion of privacy, vigilantism, racketeering, emotional and mental distress, and loss of consortium claims. For reasons previously articulated by this Court, the claims shall be dismissed.

In light of these findings, Defendants' motion to dismiss shall be granted. A separate Order follows.

Date: March 11, 2014                                /s/
                                          ROGER W. TITUS
                                     UNITED STATES DISTRICT JUDGE